FILED
CLERK, U.S. DISTRICT COURT

JAN 31 2014

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AQUILINA GUSTAVESON,<br><br>        Plaintiff,<br><br>    v.<br><br>NEOMI MACIAS, and<br>DOES 1 THROUGH 10 INCLUSIVE,<br><br>        Defendants. | NO. CV 14-103 UA (DUTYx)<br><br>**ORDER SUMMARILY REMANDING**<br><br>**IMPROPERLY-REMOVED ACTION** |

    The Court summarily remands this unlawful detainer action to state court because defendant NEOMI MACIAS ("Defendant") removed it improperly.

    On January 6, 2014, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the

Court issues this Order to remand the action to state court.

Simply stated, this action could not have been originally filed in federal court, because the complaint does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's notice of removal asserts that removal is proper based upon federal question jurisdiction, alleging that the state action is based upon the Federal Debt Collections Practices Act, as well as complete diversity of citizenship between the parties and an amount in controversy that exceeds $75,000. (Notice at 2-3). However, the underlying unlawful detainer action does not raise any federal legal question. Nor does it appear that federal law is a necessary element of any of plaintiff's claims.

In support of her claim regarding complete diversity, defendant asserts that, "Plaintiff is incorporated in a state other than California and its principal place of business is located in states other than California. Thus, the Plaintiff is not a citizen of California." (Notice at 2-3). However, the named Plaintiff in the unlawful detainer action filed in state court is Aquilina Gustaveson, an individual, and not a corporation. Therefore defendant has not sufficiently alleged diversity of citizenship between the parties.

2

Even if defendant was able to meet the requirement for complete diversity of citizenship between the parties, she has not established that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The unlawful-detainer complaint recites that the amount in controversy does not exceed $10,000, and the prayer for relief alleges a past due rent of $807.72 and $26.92 per day from December 1, 2013 for each day that defendants remain in possession through entry of judgment. Defendant does not set forth any facts to show that the amount in controversy exceeds $75,000 other than her conclusory statement that "the amount in controversy [is] in excess of $75,000. (Notice at 4). Accordingly, defendant has failed to meet her burden of proving that the jurisdictional amount is in excess of $75,000. See 28 U.S.C. §§ 1332, 1441(b). Therefore, the Court lacks subject matter jurisdiction over the instant action and removal of this action is therefore improper. See 28 U.S.C. § 1441(a).

Defendant is further notified and warned that any subsequent attempts to remove the underlying state unlawful detainer action to this Court will be improper and will constitute vexatious conduct that the Court will address by way of punitive remedial measures, which may include having defendant designated as a vexatious litigant and barred from commencing any further removal actions with respect to the underlying state unlawful detainer action.

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to

3

the Superior Court of California, County Of Los Angeles, 111 N. Hill Street, Los Angeles, California 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 1/27/14

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

4